UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA WHITE,<br><br>　　　　Plaintiff(s),<br><br>　　v.<br><br>COBLENTZ, PATCH AND BASS LLP<br>LONG TERM DISABILITY<br>INSURANCE PLAN, et al.,<br><br>　　　　Defendant(s). | No. C 10-1855 BZ<br><br>**ORDER RE PREJUDGMENT<br>INTEREST** |

　　　　On June 24, 2011, I ruled that defendant had improperly denied plaintiff's claim for benefits under the "any occupation" standard of her disability plan.  Docket No. 85. The parties now dispute the amount of prejudgment interest owed to plaintiff.  Docket No. 88.  Defendant argues that interest should be calculated based on the average Treasury bill rates for the years at issue (2005 to 2011), which were 3.20%, 4.98%, 4.96%, 1.66%, 0.68%, 0.34%, and 0.26%, respectively.  Id. at 2.  Plaintiff, on the other hand, contends that awarding such a low rate of interest would be

1

unjust and a 10% rate, compounded monthly, is more appropriate. Id. at 3-6.

A district court has discretion to award prejudgment interest on an award of ERISA benefits. Blankenship v. Liberty Life Assurance Co., 486 F.3d 620, 627-28 (9th Cir. 2007). Generally, "the interest rate prescribed for post-judgment interest under 28 U.S.C. § 1961 is appropriate for fixing the rate of prejudgment interest unless the trial judge finds, on substantial evidence, that the equities of that particular case require a different rate."[1] Id.; see also Oster v. Standard Ins. Co., 768 F.Supp.2d 1026, 1039-40 (N.D. Cal. 2011)("a district court has the discretion to award interest at a rate it deems appropriate in the particular case, based on the considerations of fairness and balancing the equities"). Oster, which recently addressed this issue of prejudgment interest in ERISA cases, was not persuaded by plaintiff's request for a 10% interest rate. Id. The Court, however, declined to base its interest award on the current "historically low rate under 28 U.S.C. § 1961" and concluded that a rate of 5% would be appropriate to compensate plaintiff for the withholding of his benefits for the past six years. Id. Lestad v. Alaris Medical Systems, Inc. reached the same conclusion, holding that the current Treasury bill rate was "historically low" and awarding prejudgment interest at a rate of 5% which it found was "a reasonable approximation of the

---

[1] Under 28 U.S.C. § 1981, interest shall be calculated "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System..."

2

1  time value of the money improperly withheld" from plaintiff.
2  2010 WL 1416544 at *2 (S.D. Cal. 2010).

3  I agree with these decisions and find that a prejudgment
4  interest award based on the current Treasury bill rates would
5  be inappropriate. These rates, which have been kept
6  artificially low for the past few years by the Federal Reserve
7  for reasons having to do with the state of the economy, do not
8  necessarily reflect the rate of return plaintiff may have
9  earned had she the use of her unpaid benefits or defendant
10 likely earned while retaining the use of this money. At the
11 same time, plaintiff is not entitled to recover 10% interest
12 since she would have been unlikely to earn such a return even
13 if she had been paid her benefits timely, and she has not
14 presented any evidence to the contrary. I find that a simple
15 interest rate of 4% per annum, which approximates the interest
16 rates before the recent financial crisis, is a reasonable and
17 equitable rate and award that as prejudgment interest in this
18 matter. Under the circumstances presented here, this award
19 equitably compensates plaintiff for the loss she incurred as a
20 result of the nonpayment of her benefits. See Dishman v. UNUM
21 Life Ins. Co. of America, 269 F.3d 974, 988 (9th Cir.
22 2001)(explaining that "prejudgment interest is an element of
23 compensation").

24 The parties are **ORDERED** to meet and confer and file, by
25 **August 24, 2011**, a proposed judgment that is consistent with
26 this Order and the Court's earlier Findings and Conclusions
27 (Docket No. 85). If the parties are unable to resolve the
28 dispute regarding attorneys' fees, plaintiff may, after

3

judgment is entered, seek her fees by motion pursuant to FRCP 54 and the Local Rules.

Dated: August 15, 2011

Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\WHITE V. COBLENTZ PATCH et al\ORDER RE INTEREST.wpd

4