UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA WHITE,<br><br>            Plaintiff(s),<br><br>     v.<br><br>COBLENTZ, PATCH AND BASS LLP<br>LONG TERM DISABILITY<br>INSURANCE PLAN, et al.,<br><br>            Defendant(s). | No. C 10-1855 BZ<br><br>**ORDER GRANTING ATTORNEYS'<br>FEES AND COSTS** |

   Plaintiff Patricia White ("Plaintiff") has filed a motion for attorneys' fees and costs. This matter is currently set for hearing on November 2, 2011. Pursuant to Civil Local Rule 7-1(b), the court finds Plaintiff's motion appropriate for resolution without oral argument and **VACATES** the hearing. Having considered the papers submitted, and for good cause shown, the court **GRANTS** Plaintiff's motion for attorneys' fees and costs.

   The background facts of this case are set forth in the court's June 24, 2011 Findings of Fact and Conclusions of Law.

1

1  (Docket No. 85.)  There, I found that Plaintiff is
2  disabled as to "any occupation" under the terms of an ERISA
3  welfare benefit plan  sponsored by Coblentz, Patch, Duffy &
4  Bass LLP and insured by Prudential Insurance Company of
5  America ("Defendant"), and I awarded back benefits in the
6  amount of $139,276.63.  Plaintiff now seeks attorneys' fees
7  and costs as the "prevailing party."
8       "[A]s a general rule, the prevailing party on an ERISA
9  claim is entitled to attorney's fees, 'unless special
10 circumstances would render such an award unjust.'"  United
11 Steelworkers of Am. v. Ret. Income Plan for Hourly-Rated
12 Employees of Asarco, Inc., 512 F.3d 555, 564 (9th Cir. 2008)
13 (quoting Hensley v. Eckerhart, 461 U.S. 424, 429, 103 S. Ct.
14 1933, 76 L. Ed. 2d 40 (1983)).  For purposes of attorneys'
15 fees under ERISA, a "prevailing party" is one who achieves a
16 judicially-sanctioned, material change in the legal
17 relationship of the parties.  Buckhannon Bd. & Care Home, Inc.
18 v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604-05
19 (2001).
20      Here, it is not in dispute that Plaintiff is the
21 "prevailing party" for the purposes of attorneys' fees under
22 ERISA.  Instead, Defendant contends that the court should
23 invoke its discretion and decline to grant attorneys' fees
24 pursuant to 29 U.S.C. § 1132(g)(1) ("In any action under this
25 subchapter . . . by a participant, beneficiary, or fiduciary,
26 the court in its discretion may allow a reasonable attorney's
27 fee and costs of action to either party.").
28      The Ninth Circuit has established a five-part equitable

2

1  test for assessing whether attorneys' fees should be awarded
2  to a prevailing ERISA plaintiff.  The court must consider (1)
3  the degree of the opposing party's culpability or bad faith;
4  (2) the ability of the opposing party to satisfy an award of
5  fees; (3) whether an award of fees against the opposing party
6  would deter others from acting under similar circumstances;
7  (4) whether the party requesting fees sought to benefit all
8  participants and beneficiaries of an ERISA plan or to resolve
9  a significant legal question regarding ERISA; and (5) the
10 relative merits of the parties' positions.  <u>Hummell v. S. E.</u>
11 <u>Rykoff & Co.</u>, 634 F.2d 446, 453 (9th Cir. 1980).  "No one of
12 the <u>Hummell</u> factors . . . is necessarily decisive, and some
13 may not be pertinent in a given case."  <u>Carpenters S. Cal.</u>
14 <u>Admin. Corp. v. Russell</u>, 726 F.2d 1410, 1416 (9th Cir. 1984).
15 When applying the <u>Hummell</u> factors, the court "must keep at the
16 forefront ERISA's remedial purposes that should be liberally
17 construed in favor of protecting participants in employee
18 benefit plans."  <u>McElwaine v. U.S. West, Inc.</u>, 176 F.3d 1167,
19 1172 (9th Cir. 1999) (internal quotation marks and citation
20 omitted).

21      I find that the <u>Hummell</u> factors weigh in Plaintiff's
22 favor.  With respect to the issue of bad faith/culpability,
23 the scales tip in Plaintiff's favor given that Defendant
24 forced Plaintiff to participate in two lawsuits, the second of
25 which relied on strategies that had already once been rejected
26 by Judge Jenkins in the first round of litigation (<u>see</u> Docket
27 No. 85 at p.9), and on evidence that did little to support
28 Defendant's arguments or rebut the evidence submitted by

1  Plaintiff (id. at pp.10-11).  Although Defendant had the right
2  under its policy to have Plaintiff medically examined, it
3  chose instead to ignore Plaintiff's complaints and her
4  doctor's observations, and rely on reports of doctors who
5  conducted cursory file reviews and did not address the
6  concerns of Plaintiff's doctors.
7       With respect to the second Hummell factor, Defendant
8  admits its ability to satisfy an award of fees (see Def.'s Opp
9  Br. 8:11-12), and this factor therefore also weighs in
10 Plaintiff's favor.  The third Hummell factor concerns the
11 deterrence value of the fee award.  Defendant asserts that
12 because it is "not culpable and did not act in bad faith"
13 there is no deterrent value gained by awarding fees.  (Id. at
14 8:22-23.)  However, because Defendant's litigation strategy
15 was unnecessarily duplicative, I find that this factor and the
16 factor addressing the relative merits of the parties'
17 positions weighs in Plaintiff's favor.  Finally, with respect
18 to the last factor, although Plaintiff did not seek benefits
19 on behalf of other plan participants or for the plan as a
20 whole, Plaintiff's persistence in pursuing her ultimately
21 meritorious claims- especially in light of the redundant
22 strategies utilized by Defendant to oppose Plaintiff's claims-
23 may confer "some benefit on other plan participants, who might
24 be more willing to seek judicial review of denials of
25 meritorious claims as a result of plaintiff's experience."
26 Langston v. N. Am. Asset Dev. Corp. Group Disability Plan
27 ("Langston I"), Case No. 08-2560, 2010 U.S. Dist. LEXIS 12507,
28 2010 WL 330085 (N.D. Cal. Jan. 20, 2010) (citing Mardirossian

4

1  v. Guardian Life Ins. Co. of Am., 457 F. Supp. 2d 1038, 1045
2  (C.D. Cal. 2006)); see also Chilling v. Kaiser Found. Health
3  Plan, Case No. 07-3019, 2010 U.S. Dist. LEXIS 20723, 2010 WL
4  583970, at *6 (N.D. Cal. Feb. 16, 2010).  At the very least,
5  this factor is neutral.  Accordingly, because each of the
6  Hummell factors weigh in Plaintiff's favor, I conclude that an
7  award of attorneys' fees in this case is appropriate.
8       In ERISA cases, reasonable attorneys' fees are calculated
9  using a "hybrid lodestar/multiplier approach."  McElwaine v.
10 US West, Inc., 176 F.3d 1167, 1173 (9th Cir. 1999).  The
11 lodestar figure is determined by multiplying "the number of
12 hours reasonably expended on the litigation multiplied by a
13 reasonable hourly rate."  Hensley v. Eckerhart, 461 U.S. 424,
14 433 (1983).  The party seeking an award must submit evidence
15 supporting the hours worked and the rates requested, and in
16 determining the number of hours reasonably expended, the court
17 should exclude hours that are "excessive, redundant, or
18 otherwise unnecessary."  Id. at 434.
19      Here, Plaintiff seeks a total of $204,253.50 in
20 attorneys' fees.  The bulk of this award is for 281.4 hours of
21 work performed by attorney Laurence Padway at a rate of $600
22 per hour.  The remainder is for 47.8 hours performed by
23 attorney Karen Wind at a rate of $450 per hour, and 71.3 hours
24 performed by paralegal Felicia Phillips at $195 per hour.
25      Defendant argues that the $600 hourly rate charged by Mr.
26 Padway is excessive.  In light of Mr. Padway's thirty-one
27 years of civil litigation experience in California, however, I
28 find that Mr. Padway's hourly rate is in line with the hourly

rates of similarly skilled litigators in this city, and consistent with previous fee awards issued by this court for work performed by Mr. Padway.  See, e.g., Langston v. N. Am. Asset Dev. Corp. Group Disability Plan ("Langston II"), Case No. 08-2560, 2010 U.S. Dist. LEXIS 35594 (N.D. Cal. Apr. 12, 2010) (awarding $550 per hour rate); Kroll v. Kaiser Foundation Health Plan, Etc., Case No. 09-1404, Docket Nos. 129, 134 (N.D. Cal., Aug. 25, 2011) (awarding $600 per hour rate); see also, Oster v. Std. Ins. Co., 768 F. Supp. 2d 1026, 1030 (N.D. Cal. 2011) (awarding $600 an hour to attorney Terrence J. Coleman in an ERISA matter).  Mr. Padway's hourly rate is reasonable, and will not be reduced.

I also find that the $450 hourly rate sought for Karen Wind, who passed the California State Bar in 1986 and has over fourteen years of experience working both full and part-time in employee benefits law, is reasonable and consistent with the hourly rates of similarly skilled litigators in San Francisco.  See Oster, 768 F. Supp. 2d at 1035 (awarding two associates with approximately 10-years of ERISA litigation experience $400 hourly rate).  Many litigators with far fewer years of experience are billed at rates equal to, and often greater than, the $450 hourly rate sought here.  See Langston I, 2010 U.S. Dist. LEXIS 12507 at *24 (awarding $300 hourly rate for associate with 3-4 years of experience); see also Caplan v. CNA Financial Corp., 573 F.Supp.2d 1244, 1249 (N.D. Cal. 2008) (approving hourly rate of $350 for a sixth-year associate, $330 for a fourth-year associate).  Thus, I am satisfied that the hourly rates charged by Plaintiff's

attorneys are reasonable and commensurate with their level of experience.

With respect to the $195 hourly rate sought for Ms. Phillips for paralegal services, I find that an hourly rate of $150 is more consistent with the market rate, and therefore reduce Ms. Phillips' rate to $150 per hour, consistent with other fee awards for paralegal work in this district.[1]  See, e.g., Langston I, 2010 U.S. Dist. LEXIS 12507, at *24-25; Faigman v. AT&T Mobility LLC, Case No. 06-4622, 2011 U.S. Dist. LEXIS 15825, 2011 WL 672648 (N.D. Cal. Feb. 15, 2011) (awarding $150 for paralegal services); Muniz v. UPS, Case No. 09-1987, 2011 U.S. Dist. LEXIS 94364, 2011 WL 3740808 (N.D. Cal. Aug. 23, 2011) (awarding $130 per hour for certified paralegal); Kroll, Case No. 09-1404, Docket No. 129 (N.D. Cal., Aug. 25, 2011).

Finally, after reviewing the lodged billing records, I find that Defendants' objections are, for the most part, refutable and that the billable hours submitted are generally reasonable, subject to the modifications detailed below.[2]

---

[1] Because the case was brought in the Northern District of California, the fact that Phillips telecommutes from New Hampshire does not disrupt the court's analysis.  See Gates v. Deukmejian, 987 F.2d 1392, (9th Cir. 1992) ("[T]he general rule is that the rates of attorneys practicing in the forum district . . . are used.").

[2] Defendant asserts that the fees for work done in connection with the administrative proceedings following the remand by Judge Jenkins should not be awarded.  While the Ninth Circuit has not yet addressed this issue, I agree with Judge Illston that the general consensus among district courts is that hours spent representing a plan participant in a court-ordered remand proceeding are recoverable.  See Langston, 2010 U.S. Dist. LEXIS 12507, at *12, and the cases cited

1       Defendant contends that Plaintiff should not be entitled
2  to recover fees where the records are vague and uninformative.
3  Defendant provides three examples of "incomprehensible"
4  billing records on the part of Mr. Padway, and also generally
5  claims that many of the records fail to explain why a certain
6  task was performed or what the basis is for the task taking as
7  long as it did.  (Def.'s Opp. Brief at 12:11-20.)  In
8  response, Plaintiff argues that to the extent the record deals
9  with communications between her and her counsel, additional
10 information cannot be provided without jeopardizing the
11 attorney-client privilege, and that Defendant failed to list
12 the specific entries that they object to, making it impossible
13 to respond.  While Mr. Padway's billing records could
14 certainly be more detailed, the burden is on Defendant to
15 identify the specific time entries to which it objects, and
16 Defendant identifies and challenges only one entry from April
17 4, 2011, where Mr. Padway bills 1.2 hours for "rev filing."
18 (Def.'s Opp. Brief p. 12.)  Defendant's objection to this time
19 entry is not well taken.  While the entry is minimal, in the
20 context of the billing records, it is clear that Mr. Padway
21 was revising the reply brief to the motion for summary
22 judgment.

23      Defendant next contends that there is no evidence that
24 Plaintiff's counsel (specifically Ms. Wind) kept
25 contemporaneous records, which Defendant claims calls into

---

27 therein.  I therefore decline to exclude the fees sought for
   work performed during the post-remand administrative process
28 from the lodestar calculation.

8

question the general accuracy of the records.  Both Mr. Padway and Ms. Wind have submitted declarations attesting under penalty of perjury that they keep contemporaneous time records through a program called Timeslips.  The one example identified by Defendant as a potentially inaccurate time record is explained by Ms. Wind in her Supplemental Declaration, in which she states that when she works from home she logs her time manually, and those records are then later added to Timeslips by either her or an office clerk.  The one error identified by Defendant is therefore likely a clerical error, and in any event, the error pertains to the date of the time record rather than to its substance, and I therefore find no need to reduce the hours sought on these grounds.

Defendant also identifies several allegedly "duplicative and excessive" time entries it argues should be excluded from Plaintiff's fee request.  Specifically, Defendant objects to the time spent by both Mr. Padway and Ms. Wind for preparing the complaint, attending the case management conference, and attending the summary judgment hearing. (Def.'s Opp. Brief at 13:14-18.)  I disagree with Defendant's suggestion that it is unreasonable for two attorneys to attend a case management conference and a hearing on a motion for summary judgment in a heavily-contested ERISA action and will not subtract any of this time.  See Democratic Party of Washington State v. Reed, 388 F.3d 1281, 1286 (9th Cir. 2004) (participation of more than one attorney is not a per se unnecessary duplication of effort).  With respect to the preparation of the complaint, Mr. Padway has withdrawn his time entry, and this time (0.5

hours on 12/30/09) will therefore be subtracted.

Defendant next challenges eight time entries by Mr. Padway as "non-legal" work for which his fees are not recoverable. These records involve Mr. Padway's attendance at various medical appointments with Plaintiff and meetings with her doctors. (Def.'s Opp. Brief at 13:19-23.) In his Supplemental Declaration, Mr. Padway explains why he attended these meetings, what he did at these meetings, and the importance of these meetings from the perspective of his client and for his overall strategy in prosecuting this action. I am satisfied with Mr. Padway's explanations and find it reasonable for Mr. Padway to have participated in these various appointments and therefore decline to subtract any of Mr. Padway's time on these grounds.[3]

Defendant also claims that the 28.5 hours of Mr. Padway's time for work on the instant motion is excessive and should be reduced. Defendant argues that Mr. Padway has extensive experience in the ERISA litigation field, and that it is reasonable to assume that Mr. Padway has prepared a motion for fees on numerous accessions from which he could borrow language. (Def.'s Opp. Brief at 14:14-16.) In response, Mr. Padway argues that Defendant failed to meet and confer on

---

[3] Defendant also challenges four of Mr. Padway's time entries on the grounds that the work performed could have been performed by a more junior attorney with a lesser billing rate. I agree with Plaintiff that Moreno controls, and given that Mr. Padway submitted a Supplemental Declaration explaining why he performed these tasks over another associate in his office, I therefore decline to subtract these four billing records from the lodestar calculation. See Moreno v. City of Sacramento, 434 F. 3d 1106, 1115 (9th Cir. 2008).

10

1 narrowing the issues presented in the instant motion, and that
2 this failure forced Mr. Padway to spend more time on this
3 motion than he otherwise would have if Defendant had agreed to
4 confer.  In light of this explanation, I decline to reduce the
5 hours Mr. Padway spent on the preparation of the fee motion.
6     Finally, Defendant challenges time billed by Ms. Phillips
7 at an attorney or paralegal rate for work it argues was
8 secretarial or clerical in nature.  (Def.'s Opp. Brief at
9 16:24-28.)  This includes time spent by Ms. Phillips on
10 printing documents, scheduling and confirming appointments,
11 calendaring deadlines, e-filing documents, researching travel
12 information, updating client information, and arranging for
13 service of process.  I agree that this time should not have
14 been billed at an attorney or paralegal rate.  <u>Trustees of
15 Constr. Indus. & Laborers' Health & Welfare Trust v. Redland
16 Ins. Co.</u>, 460 F.3d 1253, 1257 (9th Cir. 2006); <u>see also</u>
17 <u>Nadarajah v. Holder</u>, 569 F.3d 906, 921 (9th Cir. 2009)
18 (clerical work should be "subsumed in firm overhead rather
19 than billed at paralegal rates.").  The majority of Ms.
20 Phillips' time entries appears to be clerical work.  The
21 entries that appear to be non-clerical in nature include the
22 following tasks: 2.30 hours on 4/9/09; 0.25 hours on 1/19/10;
23 0.20 hours on 4/29/10; 0.45 hours on 5/6/10; 4.3 hours on
24 9/13/10; 0.20 hours on 11/12/10; 0.35 hours on 11/22/10; 0.70
25 hours on 11/29/10; 1.35 hours on 11/30/10; 3.20 hours on
26 1/14/11; 5.25 hours on 2/22/11; 6.3 hours on 2/23/11; 5.15
27 hours on 2/24/11; 1.8 hours on 3/29/11; and 3.25 hours on
28 3/30/33.  This equals 35.05 hours.  Subtracting 35.05 from the

11

requested 71.20 hours would leave 36.15 hours of clerical time.

Multiplying the approved rates by the approved number of hours, the court awards Plaintiff attorneys' fees in the total amount of $196,753.50 ($600.00 for Mr. Padway's services (280.9 hours x $600 per hour), $450.00 for Ms. Wind's services (47.8 hours x $450 per hour), $150.00 for Ms. Phillips' services (35.05 hours x $150 per hour), and $40.00 in secretarial work (36.15 hours x $40 per hour)).[4]

For the foregoing reasons, Plaintiff's motion for attorney's fees is **GRANTED** (Docket No. 112). Plaintiff is awarded $196,753.50 in fees.

Dated: October 31, 2011

                                            Bernard Zimmerman
                                    United States Magistrate Judge

G:\BZALL\-BZCASES\WHITE V. COBLENTZ PATCH et al\ORD ON MOT FOR ATTYS FEES.FINAL VERSION.wpd

---

[4] Defendant's objection that Ms. Wind and Ms. Phillips' time should be reduced due to improper billing by quarter-hour and hour-block increments is not well taken. Ms. Wind submitted a declaration attesting to the fact that she bills in 5-minute increments, and Ms. Wind submitted a declaration stating that she often rounds her time down to the half-hour/hour mark, resulting in under-billing, not over-billing. The court has no reason to doubt that either of these practices is untrue.